**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**SHELLY FIUMANO,**

                      **Plaintiff,**                    **No.** _____

-against-                                            **COMPLAINT**

**PORTFOLIO RECOVERY ASSOCIATES,**
**LLC and FORSTER & GARBUS, LLP,**

                      **Defendants.**

## I. Introduction

1.    This is an action for damages brought by an individual consumer for the violation by Defendants Portfolio Recovery Associates, LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Portfolio Recovery Associates, LLC and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff Shelly Fiumano to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.    PARTIES

3.    Plaintiff Shelly Fiumano ("Fiumano") is a natural person residing in the

County of Ontario, State of New York.

4.     Upon information and belief, Defendant Portfolio Recovery Associates, LLC ("Portfolio"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.     Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6.     Portfolio is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Portfolio itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7.     Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.     Fiumano qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.   FACTUAL ALLEGATIONS

9.   On or about April 9, 2015, Portfolio by its attorneys, Forster & Garbus, served on Fiumano the summons and complaint in a collection action entitled *Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank v. Fiumano*, Index No. 112213-15, Supreme Court of the State of New York, County of Ontario.

10.   The complaint in the collection action alleged a single cause of action in which Portfolio alleged that it purchased a credit card account on which Fiumano was liable for $4,997.93 and on which GE Capital Retail Bank was the original creditor. The summons in the collection action also alleged that the original creditor was GE Capital Retail Bank.

11.   Portfolio further alleged in the collection complaint to have obtained the credit card account originally owned by GE Capital Retail Bank on which it brought a lawsuit against Fiumano, after the credit card account was already in default.

12.   On or about April 13, 2015, Fiumano interposed an answer in the collection action in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.

13.   Subsequent to serving an answer, Fiumano brought a motion for summary judgment in the collection on the grounds that Portfolio could not prove with admissible evidence that it owned any account on which Fiumano was originally liable to GE Capital Retail Bank, and therefore lacked standing to bring the collection action. (The court's denial of the summary judgment motion was appealed to the Appellate Division, Fourth Department, where it is now pending, thus we still take the position that Portfolio had no

standing to bring the collection action under New York State law. However, Portfolio's opposition to the summary judgment motion support claims made in this FDCPA action).

14. In its papers in opposition to Fiumano's motion for summary judgment for lack of standing in the Supreme Court collection action, Portfolio maintained that it had standing but failed to produce any admissible evidence documenting an actual assignment to Portfolio of any account on which Fiumano was liable to GE Capital Retail Bank that would demonstrate such alleged standing. Therefore, Portfolio was not, and is not, capable of proving in state court that Portfolio owns any account on which Fiumano is liable to GE Capital Retail Bank.

15. The caption in the collection action against Fiumano designated the plaintiff as *Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank*. The term "A/P/O," as stated in the collection complaint, is short for "as purchaser of." Therefore the caption on the summons as well as on the complaint in the collection action set forth a plaintiff called "Portfolio LLC as purchaser of GE Capital Retail Bank," an entity that has no legal existence.

16. Portfolio Recovery Associates, LLC never purchased GE Capital Retail Bank.

17. The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing. Such a plaintiff does not actually exist.

18. An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Portfolio Recovery Associates, LLC; GE Capital Retail Bank; Portfolio Recovery Associates, LLC as the purchaser of GE Capital Retail Bank; or otherwise. The consumer could easily be deceived into believing that the GE Capital Retail Bank

was bringing the collection claim rather than a debt buyer in its own name, or that Portfolio Recovery Associates, LLC was authorized as the purchaser of GE Capital Retail Bank to bring the collection claim without any transfer of the disputed account to Portfolio. Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption.  Finally, an unsophisticated consumer would be materially deceived by naming a non-entity as the plaintiff in the captions of the summons and complaint.

## V.  FIRST CLAIM FOR RELIEF

19.   Fiumano repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

20.   Portfolio and Forster & Garbus violated 15 U.S.C. § 1692e by deceptively and misleadingly designating the plaintiff in the caption of the collection claim as "Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank," an entity that has no legal existence.  Further, Portfolio deceptively and misleadingly represented that Portfolio purchased GE Capital Retail Bank, and was suing in the capacity of a purchaser of GE Capital Retail Bank when in fact it was not.  In addition, an unsophisticated consumer could easily be further mislead and confused by such a designation, and would not know if the plaintiff was Portfolio Recovery Associates, LLC; GE Capital Retail Bank; Portfolio as the purchaser of GE Capital Retail Bank; or otherwise.  Finally, the term "A/P/O" has no accepted legal meaning, and is itself confusing and deceptive to not only an unsophisticated consumer, but to trained legal practitioners.

21.   Portfolio and Forster & Garbus also violated Section 1692e(2)(A) of the

FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  Portfolio's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

22. Portfolio violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Midland misrepresented in the collection complaint that it owned a credit card debt on which Fiumano was liable for $$4,997.93, when in fact it could not show at the time of filing or at any time thereafter that it was the owner of any such debt owed by Fiumano, or was ever assigned such debt, or had standing to sue to collect such debt.

23. Portfolio and Forster & Garbus further violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by alleging in the collection complaint that Portfolio purchased a GE Capital Retail Bank account on which Fiumano was liable, but stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer.  Portfolio's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

24. Portfolio violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Fiumano the character, amount and legal status of the

6

alleged debt. Portfolio falsely represented in the collection complaint that it owned and was assigned the alleged debt in the amount of $4,997.93. In fact, Portfolio had no basis for asserting such ownership in such amount, and therefore no legal basis on which to ever attempt collection of the debt in that amount. By virtue of the foregoing representations in the collection complaint, Portfolio also violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

25. Portfolio and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Portfolio Recovery Associates, LLC A/P/O GE Capital Retail Bank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

26. All the misrepresentations, deceptions, and unconscionable and unfair means employed by Portfolio and Forster & Garbus were material and likely to mislead the least sophisticated debtor.

27. As a result of the above violations of the FDCPA, Portfolio and Forster & Garbus are liable to Fiumano for her actual damages for the cost of attorney fees in defending the collection lawsuit in the amount of $500, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages in the amount of $500.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

    E.  For such other and further relief as may be just and proper.

Dated: April 6, 2016

## *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

          Respectfully submitted,

          s/David M. Kaplan
          David M. Kaplan
          Attorney for Plaintiff
          2129 Five Mile Line Road
          Penfield, NY 14526
          585-330-2222
          dmkaplan@rochester.rr.com